PEOPLE v BROOKS

Docket No. 31222. Submitted August 29, 1979, at Lansing.—Decided
    September 19, 1979.
    Joseph C. Brooks was convicted of breaking and entering an
        occupied dwelling with intent to commit larceny therein, Wash-
        tenaw Circuit Court, William F. Ager, J. The defendant ap-
        peals, alleging that he was denied a fair trial since his trial was
        held partially in concert with the trial of a codefendant whose
        defense tended to incriminate the defendant. *Held:*
        The trial court employed a dual jury system in the trial of
        the defendant and his codefendant. With this procedure two
        separate juries were selected, one to hear the case against the
        defendant and one to hear the case against the codefendant.
        Both juries were present for the prosecutor's opening statement
        and the prosecutor's direct examination of witnesses. At all
        other times only one jury was present, each hearing the mat-
        ters relevant to its own case. The trial court successfully
        avoided pitting one defendant against the other and success-
        fully avoided convicting one defendant through the efforts of
        the other defendant. The conviction of defendant Brooks could
        only have been based on the evidence presented by the prosecu-
        tion and in defense of defendant Brooks. The dual jury trial
        afforded the defendant a trial which was in compliance with
        the rights and protections afforded by the United States and
        Michigan Constitutions. The defendant had a fair trial.
        Affirmed.

CRIMINAL LAW — FAIR TRIAL — DUAL JURY TRIAL — CONSTITUTIONAL
    LAW.
    A defendant was not denied a fair trial by the use of a dual jury
        trial, wherein the defendant and a codefendant were tried in a
        joint trial before two separate juries, one for each defendant,
        where the court avoided the problem of "pitting one defendant
        against the other, each trying to save himself at the detriment
        of the other" by removing the defendant's jury during the
        presentation of evidence by the codefendant and where all of

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 223, 235.

the constitutional guarantees pertaining to a criminal trial
were provided by the dual jury trial.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William F. Delhey,*
Prosecuting Attorney, and *James S. Sexsmith,*
Assistant Prosecuting Attorney, for the people.

*Hazlett & Judge,* for defendant on appeal.

Before: J. H. GILLIS, P.J., and R. B. BURNS and
N. J. KAUFMAN, JJ.

R. B. BURNS, J. Defendant was convicted by a
jury of breaking and entering an occupied dwelling
with intent to commit larceny therein. MCL
750.110; MSA 28.305. He appeals raising three
issues, two of which became moot when a cor-
rected transcript of the trial was filed. The third
puts in issue the fairness of the defendant's trial
which was partially held in concert with the trial
of his codefendant, Harold Martin.

A motion to consolidate the trials of defendant
Brooks and Martin had been made, but at the
beginning of trial it became apparent that Mar-
tin's defense would incriminate defendant Brooks.
After a conference with the prosecutor and both
defense counsel, the trial court decided that in the
interest of judicial economy the cases would be
tried in part together with separate juries. Upon
the suggestion of counsel a procedure was arrived
at in which both juries would be present for the
prosecutor's opening statement and the prosecu-
tor's direct examination of witnesses. At all other
times only one jury would be present, each hear-
ing the matters relevant to its own case. The trial
court stated that the jury would be excused at the

request of either defendant. No objections were made to this procedure during the dual trials.

During his instructions, the trial court commented on the success of the procedure:

"Things have gone quite smoothly. This is sort of a new procedure that we have followed here. It has helped the Court, assisted the Court in that where it has taken us four days, we have been able to handle it in a little over two days. It is because of the cooperation of Counsel, parties in the case, and, of course the Juries. We have had, I guess, a couple of times, traffic jams going in and out of the Courtroom but these are very, very serious proceedings and are important both to the People and to the Defendant."

Defendant now asserts that the dual trial procedure was totally unacceptable and resulted in confusion and chaos. Defendant claims that he was denied a fair trial under the United States and Michigan Constitutions and also that he was deprived of a separate trial which was mandated by the inconsistent defense of defendant Martin.

The trial court recognized the problem inherent in jointly trying defendant Brooks and Martin. The trial court's solution to this problem, rather than separate trials, was simultaneous trials before separate juries. The first question which this Court must answer is whether that solution provided defendant with the same protections as he would have enjoyed through a separate trial.

In *People v Hurst,* 396 Mich 1, 9; 238 NW2d 6 (1976), the Michigan Supreme Court pinpointed the difficulty which arose in a joint trial of defendants who presented inconsistent defenses: "By insisting on a joint trial, the state succeeded in pitting one defendant against the other, each trying to save himself at the detriment of the other."

The Court noted that such a situation may produce a "spectacle" in which the prosecution is relieved of carrying its burden of proof by the attempt of a defendant to clear himself at the expense of his codefendant. *Id.,* 7.

This Court believes that the dual jury procedure used in this case successfully avoided convicting one defendant through the efforts of the other. The Brooks jury heard none of the evidence presented by defendant Martin. Their verdict could only have been based on the evidence presented by the prosecution and in defendant Brooks' defense.

Having found that the dual jury procedure avoided the pitfalls inherent in a joint trial of defendant Brooks and Martin, the Court must next determine if defendant was afforded a trial which comports with the rights and protections of the United States and Michigan Constitutions.

US Const, Art III, § 2(3) provides: "The Trial of all Crimes * * * shall be by Jury."

US Const, Am VI, provides:

"In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury * * * and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining Witnesses in his favor, and to have the Assistance of Counsel for his defence."

Const 1963, art 1, § 14, provides: "The right of trial by jury shall remain."

And in the course of trial no person shall be "deprived of life, liberty, or property, without due process of law". US Const, Am V. Const 1963, art 1, § 17.

Each of the rights guaranteed to defendant have been provided by the dual jury trial. Defendant's

challenge of the dual jury rests upon three events, none of which appear to the Court to be significant. They are "traffic jams" in the courtroom, the seating of one of the juries outside the jury box, and the ability of the juries to observe each other. Certainly there is nothing sacrosanct in the placement of the jury in the jury box and in all trials individual jurors are able to observe the other jurors with whom they sit. Finally, there is no indication that any rowdiness or breach of decorum accompanied the complained-of traffic jam. In fact, the trial court had commented that "[t]hings have gone quite smoothly".

In approving the dual jury procedure, the Court briefly notes that dual juries have been used in the Federal system. *United States v Rowan,* 518 F2d 685 (CA 6, 1975), *cert den* 423 US 949; 96 S Ct 368; 46 L Ed 2d 284 (1975), and *United States v Sidman,* 470 F2d 1158 (CA 9, 1972), *cert den* 409 US 1127; 93 S Ct 948; 35 L Ed 2d 260 (1973). We note, in particular, the statement of the Third Circuit in *Byrne v Matczak,* 254 F2d 525, 529 (CA 3, 1958), *cert den* 358 US 816; 79 S Ct 24; 3 L Ed 2d 58 (1958), adopted by the Ninth Circuit in *Sidman,* at 1168, that "fair 'new procedures which tend to facilitate proper fact finding, are allowable, although not traditional'".

Finding that defendant was afforded a fair trial,[1] we affirm his conviction.

---

[1] It is obvious that the dual jury procedure will impose upon the good natures and skills of the court reporters upon whom will fall the duty of keeping separate records of the proceedings. The Court believes that this does not outweigh the advantages gained and that this difficulty does not affect the fairness of the trial.